UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GREGORY McINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:21-CV-127-PPS-JPK |
| | ) |
| VETERAN'S VILLAGE and CITY OF | ) |
| HOBART INDIANA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Gregory McInnis was apparently evicted from his apartment in Veteran's Village, a complex in Gary. He has brought this action, representing himself, against Veteran's Village relating to his eviction and against the City of Hobart for the manner in which the eviction was effectuated. Both defendants have filed motions to dismiss based on a failure to state a claim and on jurisdictional grounds. For the reasons detailed below, I will grant the motions although McInnis will be allowed leave to file an amended complaint against Hobart if he can fix the deficiencies in those claims discussed below.

### Background

McInnis's complaint [DE 5] is somewhat difficult to follow, but I have gleaned the following allegations from the complaint as well from the briefing. I will note that there is other litigation relating to the events in question in the Hobart City Court, and McInnis has attached to his complaint and his response to the motions to dismiss documents relating to that related case. [DE 5 at 4; DE 29 at 5-41.]

A motion under Rule 12(b)(6) can be based upon critical documents that are referred to in the complaint without converting the motion into one for summary judgment. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *see also 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). So I will consider the referenced documents in my analysis here. Additionally, in reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). Indeed, the Court may take judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute" from state court proceedings in ruling on a motion to dismiss without converting the motion to one for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012). Therefore, in looking at this matter, I have considered the documents McInnis attached to the complaint and his response.

McInnis lived in Veteran's Village since 2016. [DE 5 at 2.] Veteran's Village is a subsidized housing complex containing 44 one-bedroom apartments, housing 44 disabled veterans. *Id.* He alleges that Veteran's Village violated a CDC order. [*Id.* at 3.] McInnis is presumably referring to a CDC order temporarily halting residential evictions due to the COVID-19 pandemic, which I'll discuss in a moment.

McInnis' lease was effective December 2, 2019 for a period of twelve months, and it was not renewed. McInnis failed to pay rent since the expiration of the lease. [*Id.* at 4.] McInnis alleges he was evicted for "allegedly violating the CDC declaration" but he

asserts that in fact "[t]here were no violations." [*Id.* at 2.] According to Veteran's Village, in response to a summons for eviction for being behind on his rent, McInnis submitted a CDC Declaration dated September 29, 2020, to Veteran's Village under penalty of perjury pursuant to 28 U.S.C. § 1746. [DE 25 at 4.] Veteran's Village challenged the Declaration in Hobart City Court. *Id.* After a hearing was held on March 3 and March 21, 2021, the Hobart City Court found that McInnis' declaration was not truthful. *Id.* McInnis attaches this Hobart City Court Order to his complaint. [DE 5 at 4.] The order states that McInnis "has not used best efforts to obtain all available government assistance for rent or housing" and that he "was not unable to pay full rent or make a full housing payment due to substantial loss of household income, loss of work or loss of wages or layoff, or extraordinary medical expenses." *Id.* It also found that McInnis "was not using best efforts to make timely partial payments as close to full rent as circumstances permit." *Id.* The Hobart City Court granted Veteran's Village possession of McInnis' unit. *Id.*

McInnis alleges in the complaint that the Hobart City Police and a locksmith arrived on April 16, 2021 and ordered him out of the apartment. [DE 5 at 2.] He claims because he was slow, the officer handcuffed and arrested him. *Id.* After he was arrested, he was sick because he could not carry his medication. *Id.* He was taken to St. Mary Medical Center, billed, and released after treatment. *Id.* The Hobart Police picked him up after treatment, took him back to the station, and told him he could go. *Id.* They refused to provide him transportation back home. *Id.*

The complaint goes on to allege that McInnis, as a member of the Veteran's Tenant Association, filed numerous complaints relating to the functioning of the elevator, roof leaks, and improper ventilation in the building. *Id.* He also was concerned about donation funds being unaccounted for. [*Id.* at 2-3.]

In addition to his civil case in the Hobart City Court, McInnis also has a pending criminal matter: *State of Indiana v. Gregory McInnis*, Cause No. 45D12-2106-CM-002683 (I.C. 35-43-2-2(b)(2)/MA: Criminal Trespass Def., not having contractual interest in property knowingly). [DE 29 at 3; DE 29 at 37.] There is currently an outstanding bench warrant (October 1, 2021) for Gregory McInnis in the criminal matter. [DE 27 at 2 n.2.]

Veteran's Village has moved to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and 12(b)(6). [DE 24.] A few days later, Defendant City of Hobart, Indiana, also filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), but I note that the City's motion is entirely unhelpful. [DE 26.] While it sets out the standards governing my decision-making, it is devoid of any real analysis. [DE 27.]

## Discussion

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. McInnis must allege "more

4

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Finally, "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), I must use the same "plausibility" standard; therefore, I must accept alleged factual matters as true and draw all reasonable inferences in favor of Plaintiff.  *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).  Plaintiff bears the burden of establishing the jurisdictional requirements.  *Ctr. For Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).  "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

Finally, I must always keep in mind that a document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).  Of course, McInnis' complaint still needs to meet certain minimum requirements, but I cannot forget that he is representing himself, without a lawyer.

**I.     Veteran's Village's Motion to Dismiss**

As covered earlier in this order, McInnis alleges Veteran's Village violated a CDC Order. He is presumably referring to the CDC's Order titled "Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19," dated September 4, 2020. CDC Order, 85 FR 55292-01, 2020 WL 5253768(F.R.). This CDC Order provides that a landlord with a legal right to pursue eviction or possessory action, shall not evict any covered person from any residential property during the effective period of the Order. [*Id.* at 55292.]

To invoke the CDC's order, these persons "must provide an executed copy of the Declaration form . . . to their landlord." *Id.* While the person cannot be evicted or removed from where they are living through December 31, 2020,[1] "[t]hese persons are still required to pay rent and follow all the other terms of their lease and rules of the place where they live. These persons may also still be evicted for reasons other than not paying rent or making a housing payment." [*Id.* at 55292-93.] The Order notes that it "is not a rule within the meaning of the Administrative Procedure Act ("APA") but rather an emergency action taken under the existing authority of 42 CFR 70.2." [*Id.* at 55296.]

The CDC Order goes on to describe the declaration that a tenant needs to complete before being covered by the temporary halt for residential evictions. Under penalty of perjury, pursuant to 28 U.S.C. § 1746, the tenant has to swear, among other

---

[1] The original CDC Order was effective September 4, 2020 through December 31, 2020, but it was extended several times. 2020 WL 5253768. However, the eviction moratorium order is not presently in effect.
Https://www.cdc.gov/media/releases/2021/s0803-cdc-eviction-order.html (last viewed March 17, 2022).

things, that they "have used best efforts to obtain all available government assistance for rent or housing," and they are "unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary out-of-pocket-medical expenses," and that they are "using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit . . . ." [*Id.* at 55297.] The Hobart City Court fond that McInnis' declaration was not truthful regarding these matters. [March 22, 2021 Order, Cause No. 45H05-2101-EV-000014, DE 5 at 4.]

I have to first look at whether I have jurisdiction to hear this case. Veteran's Village argues there is no private right of action under the CDC's Agency Order regarding the temporary halt in residential evictions. [DE 25 at 5-6.] "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). A statute may "either explicitly create a private right of action or implicitly contain one." *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106, 1115 (9th Cir. 2010). Here, in looking at the statute, it states the CDC Order was issued under Section 361 of the Public Health Service Act, codified as 42 U.S.C. § 264. That section authorized the Surgeon General to enforce regulations deemed "necessary to prevent the introduction, transmission, or spread of communicable diseases," but it does not contain an express private right of action. 42 U.S.C. § 264(a).

Every court that has looked at this issue – whether the CDC Order provides a private right of action – has determined that the CDC Order and the code sections relied upon in the Order do *not* create a private right of action. *See Holliday v. CPAI Property*

7

*Holding LLC*, No. 21-1447m 2021 WL 5826149, at *3 (E.D. La. Dec. 8, 2021) (agreeing with reasoning of other courts that found the CDC Order does not create a federal question and finding "Plaintiff is alleging a wrongful eviction, a matter which is more appropriately addressed in state court."); *Forar v. Avery,* No. 20-3273, 2021 WL 3173818, at *2 (E.D. La. May 18, 2021), report and recommendation adopted, No. CV 20-3273, 2021 WL 3164163 (E.D. La. July 27, 2021) ("Similarly, this court can find no basis for federal jurisdiction arising out of the CDC order."); *Cholick v. Salvador*, No. 1:20-cv-164, 2020 WL 6526351, at *2-3 (S.D. Tex. Oct. 8, 2020), report and recommendation adopted, No. 1:20-cv-163, 2020 WL 6504446 (S.D. Tex. Nov. 5, 2020) (finding there was no federal question jurisdiction over a Plaintiff's claims that her landlords did not comply with the requirements of the CDC Order); *Wade v. LBC HoldCo, LLC*, No. 2:20-cv-10099-CAS-KSx, 2020 WL 7414517, at *2 (C.D. Cal. Nov. 6, 2020) (analyzing and determining the CDC Order creates no private right of action). I concur with all of these cases. State court is the venue in which to challenge the application of the CDC Order.

Aside from the eviction that McInnis attacks, he also complains about the condition of the Veteran's Village building/facility. McInnis does not elucidate how he intends to proceed with such complaints, and I lack jurisdiction over these other claims too. The Code of Federal Regulations section on Housing Quality Standards expressly states there is no private right of action related to housing quality standards. 24 C.F.R. § 982.407. Courts have also found no private right to enforce quality standards in the Code or Regulations. *See Reyes-Garay Integrand Assurance Co.*, 818 F.Supp.2d 414, 429-32 (D. P.R. 2001); *Furtick v. Medford Hous. Auth.*, 963 F.Supp. 64, 71 (D. Mass. 1997)

8

(recounting other cases for the same proposition that a private right of action to enforce housing quality standards does not exist).

For all of these reasons, McInnis has not stated a proper claim against Veteran's Village in federal court, and no amendment of the pleadings can fix these fundamental problems. Therefore, the claims against Veteran's Village must be dismissed without prejudice for lack of subject matter jurisdiction.

## II.     Hobart's Motion to Dismiss

Hobart argues McInnis' claims against it should be dismissed because he has not established standing, he failed to satisfy Rule 8's requirement of a short and plain statement showing he is entitled to relief, and he has not established a particularized or concrete injury in fact. All of these averments in the memorandum in support of the motion to dismiss are stated in a very conclusory manner, and (other than background law), with no case law in support. [DE 27 at 3-4.] In its reply memorandum, for the first time, Hobart argues the police officer who evicted McInnis was acting in the scope of his duties and therefore is immune from any liability. [DE 30 at 4-5.] However, to the extent Hobart raises new arguments in its reply brief, these are waived. *See Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005) (finding arguments raised for the first time in a reply brief are waived).

I agree with Hobart that McInnis' complaint does not set forth facts showing how McInnis was actually wronged by the City by Hobart, why the city may be liable, which officers he is stating a claim against, what is the exact misconduct, and what injury in fact was suffered by McInnis. While the complaint hints at a potential Fourth

9

Amendment violation, more detail is needed to flesh out the claim. As such, dismissal is warranted as to the claims against Hobart.

However, I recognize that the Seventh Circuit has instructed when a plaintiff's complaint is dismissed under Rule 12(b)(6), the general rule is to give at least one opportunity to amend the complaint before the action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Therefore, the dismissal will be without prejudice, and McInnis will be given an opportunity to file an amended complaint if he believes the deficiencies in his complaint that I've just pointed out can be remedied.

## III.     Veteran's Village's Motion for Rule 11 Sanctions

In addition to its motion to dismiss, Veteran's Village also filed a motion pursuant to Rule 11(b), asking the court to impose sanctions on McInnis for filing a complaint that is frivolous, made for an improper purpose of harassing, causing needless cost of litigation, and not based in fact. [DE 31.] Veteran's Village filed a bare bones memorandum in support of this motion, contending the CDC Order does not create a private right of action, and McInnis failed to perform a reasonable inquiry into whether he had legal claims to enforce the housing quality standards. [DE 32 at 3-4.]

Rule 11 provides that if an attorney or party signs documents that are being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation), or the claims are not warranted by existing law or a nonfrivolous argument, a court may impose an appropriate sanction. Fed. R. Civ. P. 11(b), (c). Generally, an award of sanctions under Rule 11 "should be the least

10

severe that is adequate to serve the purposes of deterrence." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1030 (7th Cir. 1999). McInnis has the duty to comply with Rule 11, just like an attorney, because "pro se litigants are not excused from compliance with procedural rules." *Loubser v. United States*, 606 F.Supp.2d 897, 909 (N.D. Ind. 2009).

In this case, Veteran's Village asks for McInnis to reimburse it for its reasonable attorney's fees incurred in this matter. Although I denied McInnis' motion for in forma pauperis in this case because his annual income was above the poverty line [DE 6], it is clear that McInnis is suffering some sort of financial distress - he did not pay his rent and he was evicted from his apartment. While I certainly do not condone filing claims that seem to lack a basis in law, there is no real evidence here that McInnis is not convinced that he was pursuing his claims in good faith. Therefore, I am not persuaded that Rule 11 sanctions are warranted.

Nevertheless, I CAUTION McInnis that in the future, he should make sure that any case he files is rooted in a sound legal basis and, to the extent that this case might possibly continue against Hobart if McInnis files an amended complaint, I caution McInnis that if his litigation strategy is vexatious or frivolous, and that comes to light later in this case, nothing would prevent the Court from granting Rule 11 sanctions later during this litigation.

## Conclusion

For the aforementioned reasons, NWI Veteran's Village, LP's Motion to Dismiss [DE 24] is GRANTED and the claims against Veteran's Village are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Defendant City of Hobart's Motion to Dismiss [DE 26] is GRANTED and the claims against the City of Hobart are DISMISSED WITHOUT PREJUDICE.  If McInnis believes he can address the shortcomings in his complaint against the City of Hobart, any amended complaint must be filed no later than **April 14, 2022.**

The Motion for Sanctions [DE 31] is DENIED.

ENTERED: March 17, 2022.

                                      s/   Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT